## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EUGENE DELAMARTER, III      :    No. 3:16cv665
And FRANCINE CUEBAS, his wife,   :
       Plaintiffs             :
                         :    (Judge Munley)
      v.                  :
                         :
KELSEY P. COUGLAR and      :
CARGO TRANSPORTERS, INC.,   :
       Defendants        :

## MEMORANDUM

     Plaintiffs Eugene Delamarter, III and his wife Francine Cuebas claim that Delamarter suffered serious and permanent injuries when the defendants' tractor trailer rear-ended his vehicle.  Plaintiffs allege that defendants Kelsey P. Couglar and his employer, Cargo Transporters, Inc., negligently operated the tractor trailer because Defendant Couglar, asleep at the wheel, failed to slow down or stop in anticipation of the stopped traffic ahead.  In the instant motion, defendants move to dismiss plaintiffs' claim for punitive damages.  Because plaintiffs have sufficiently pled a claim for punitive damages, and because discovery may reveal further evidence to support plaintiffs' claim, we will deny defendants' motion.

## Background

This case arises from a vehicular accident on May 2, 2014 in the eastbound lane of Interstate 84 in Milford Township, Pennsylvania. (Doc. 9, Amended Complaint (hereinafter "Compl.") ¶ 12). Plaintiff Delamarter drove a 2010 Nissan Frontier pickup truck. (Compl. ¶ 10). Defendant Couglar operated a 2013 Freightliner Cascadia tractor trailer owned by his employer, Defendant Cargo Transporters, Inc. (Id. ¶ 11).

At the time of the accident, ongoing construction reduced the highway to a single lane. (Id. ¶ 13). While driving through the construction zone, Delamarter stopped his vehicle due to an earlier, unrelated accident. (Id. ¶ 14). Couglar, asleep at the wheel, failed to slow down or stop in anticipation of the upcoming standstill. (Id. ¶ 16). As a result, Couglar struck the rear of Delamarter's vehicle, causing him several injuries. (Id. ¶ 17).

Plaintiffs filed their initial complaint on April 21, 2016. (Doc. 1). Plaintiffs amended their complaint on May 27, 2016 (Doc. 9) in response to defendants' motion to dismiss for failure to state a claim (Docs. 7, 8). On June 14, 2016, defendants moved to dismiss plaintiffs' amended complaint. (Doc. 12). The parties have briefed the issues, bringing the case to its present posture.

**Jurisdiction**

This court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332.  Plaintiffs are citizens of the Commonwealth of Pennsylvania. (Compl. ¶ 1-2).   Defendants are citizens of New York.[1]  (Compl. ¶ 3-4). Additionally, the amount in controversy exceeds $75,000.[2]  (Id. ¶ 8).  Because complete diversity of citizenship exists among the parties, and the amount in controversy exceeds $75,000, the court has jurisdiction over the case.  See 28 U.S.C. § 1332 ("[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between. . . citizens of different States[.]").  As a federal court sitting in diversity, the substantive law of Pennsylvania applies to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

---

[1] Defendant Kelsey P. Couglar is a citizen of North Carolina.  (Compl. ¶ 3).  His employer and co-defendant, Cargo Transporters, Inc., is a corporation formed under the laws of, and principally doing business in, North Carolina.  (Id. ¶ 4).
[2] Where an appropriate claim for punitive damages is made, the amount in controversy requirement is generally met "because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." Huber v. Taylor, 532 F.3d 237, 244 (3d Cir. 2008) (internal citation, emphasis and quotation marks omitted).  Here, plaintiffs made claims for punitive damages under Counts I and II of their complaint.  Thus, the amount in controversy is met because the court cannot find to a legal certainty that the value of plaintiffs' claims fall below the statutory threshold.

## Legal Standard

Defendants bring their motion to dismiss plaintiff's claim for punitive damages pursuant to Federal Rule of Civil Procedure 12(b)(6).  The court tests the sufficiency of the complaint's allegations when considering a 12(b)(6) motion.  All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of the claims alleged in the complaint.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.  In evaluating the sufficiency of a complaint, the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted).  The court does not have to accept legal

4

conclusions or unwarranted factual inferences.  See Curay-Cramer v. Ursuline Acad. Of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (1997)).

## Discussion

Defendants move to dismiss plaintiffs' claims for punitive damages in Count I and II, asserting the complaint's allegations fail to support the imposition of punitive damages.  We disagree.

Under Pennsylvania law, punitive damages are "awarded only for outrageous conduct, that is, for acts done with a bad motive or with reckless indifference to the interests of others."  Martin v. Johns-Manville Corp., 494 A.2d 1088, 1097-98 (Pa. 1985).  Reckless indifference refers to a conscious disregard of a risk known to the defendant or a risk "so obvious that he must . . . have been aware of it, and so great as to make it highly probable that harm would follow."  Evans v. Phila. Transp. Co., 212 A.2d 440, 443 (Pa. 1965).  In evaluating the appropriateness of a punitive damages claim, the Court must consider not only the offense itself, but also the circumstances surrounding it, including the wrongdoers' motives and the relations between all the parties involved.  Schwartz v. Rockey, 932 A.2d 885, 890 (Pa. 2007); see also Feld v.

Merriam, 485 A.2d 742, 747 (Pa. 1984) (citing <u>Chambers v. Montgomery</u>, 192 A.2d 355, 358 (Pa. 1963)).  We will address counts I and II in turn.

## I. Count I claim for punitive damages against Defendant Couglar

Count I of the amended complaint asserts a negligence cause of action against Defendant Couglar.  The alleged negligence includes: failure to properly observe the roadway, failure to maintain his vehicle to avoid a collision, failure to maintain adequate control over his vehicle, operating his vehicle in disregard for the safety of others, and operating his vehicle while so fatigued as to make it unsafe for him and others.  (Compl. ¶ 26).  Courts have found that violations of the Federal Motor Carrier Safety Regulations (hereinafter "FMCSR"), coupled with allegations of a conscious disregard for the safety and rights of others, suffices to properly assert a claim for punitive damages.  See <u>Burke v. TransAm Trucking, Inc.</u>, 605 F. Supp. 2d 647 (M.D. Pa. 2009) (finding that defendant's alleged FMCSR violations presented a material issue of fact precluding summary judgment on the issue of punitives); see <u>also</u> <u>Esteras v. TRW, Inc.</u>, 2006 WL 247, 4049 (M.D. Pa. 2006); see <u>also</u> <u>Came v. Micou</u>, 2005 WL 1500978 (M.D. Pa. 2005).  The count seeks compensatory and punitive damages.

Plaintiffs' pleadings suffice to assert defendants' requisite recklessness, in addition to defendants' alleged violations of safety statutes.  Plaintiffs allege that Couglar recklessly operated his tractor-trailer by falling asleep while driving. (Compl. ¶ 16).  Plaintiffs also allege that Couglar consciously disregarded the obvious risk of danger by operating the truck despite his fatigued condition, in contravention of 49 C.F.R. § 392.3 and the FMCSR.  (Id. ¶ 26(n),(o),(q), (t)). Plaintiffs further allege that because Couglar had fallen asleep behind the wheel, he engaged in outrageous conduct, including failing to observe the road, avoid a collision, and maintain control over his vehicle.  (Id. ¶ 26(a)-(d)). Plaintiffs claim that Couglar's reckless conduct violates various federal and state statutes.  (Id. ¶ 26(g)-(u)).  As such, plaintiffs' allegations suffice to allow their claims for punitive damages against Couglar to go forward.[3]

## II. Count II claim for punitive damages against Defendant Cargo Transporters, Inc.

Count II of the complaint asserts a negligence cause of action against Defendant Cargo Transporters, Inc., (hereinafter "CTI") Defendant Couglar's employer.  (Compl. ¶¶ 28-32).  Count II asserts both vicarious liability against Defendant CTI and direct liability based on CTI's own negligence.  This count seeks both compensatory and punitive damages.  Defendants next move to

---

[3] Defendants may raise this issue again at the summary judgment stage.

dismiss all direct liability claims contained within Count II.  Defendants' argument is that direct claims may only be brought against an employer for negligent entrustment, supervision, monitoring, hiring etc., when 1) the employer admits that its employee was acting within the scope of his employment and 2) a viable claim for punitive damages exists.  Here, according to the defendants, no viable claim for punitive damages exists, therefore, the direct cause of action against CTI must be dismissed.

For purposes of this motion, we will assume that Defendant CTI is accurate with regard to when it can be found liable.  See Tuck v. Calhoon, 2011 WL 398285 (M.D. Pa. 2011); see also Sterner v. Titus Transp., LP, 2013 WL 6506591, *3-4 (M.D. Pa. 2013).  Even assuming that defendants' brief in support of their motion to dismiss (Doc. 12) constitutes an admission that Couglar acted within the scope of his employment at the time of the accident, plaintiffs' pleadings against CTI suffice to state a claim for punitive damages. Plaintiffs present a viable claim for punitive damages against CTI based on our above analysis regarding courts' treatment of statutory violations as a basis for stating a punitive damages claim.  Plaintiffs allege that CTI entrusted a tractor trailer to Couglar without ascertaining his ability to operate the vehicle safely, despite the obvious risk of highly probable harm that that would follow.  (Compl. ¶ 31(a), (d)).  Plaintiffs also allege that CTI allowed Couglar to operate the

vehicle when they knew or should have known that Couglar was too fatigued to drive, constituting an alleged violation of 49 C.F.R. § 392.3.  (Id. at 31(k)). Plaintiffs further claim that CTI failed to properly supervise Couglar regarding the appropriate operation of the vehicle in compliance with the FMCSR.  (Id. at 31(j)).

For the foregoing reasons, we will deny defendants' motion to dismiss plaintiffs' claim for punitive damages against Cargo Transporters, Inc.

## Conclusion

For the above-stated reasons, the court will deny defendants' motion to dismiss plaintiff's punitive damages claims.  Discovery is required to determine the validity of plaintiffs' allegation of recklessness and intentional disregard for Delamarter's safety.  An appropriate order follows.

Date: _7/21/16_

JUDGE JAMES M. MUNLEY
United States District Court

9